## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINCOLN E. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-181-L |
| | ) | |
| REGINALD HINES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action which he denominates as a "Request for Order/Mandamus Be Issued to Oklahoma County District Court and/or Order for Nunc Pro Tunc."[1] Pursuant to an order by United States District Judge Tim Leonard, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Petitioner's request be dismissed on filing.

## I.  BACKGROUND

Petitioner is no stranger to this Court, having instituted several habeas petitions challenging one or both of his convictions in Case No. CRF-87-4763, District Court of Oklahoma County. In Taylor v. Hargett, No. CIV-98-329-T, Petitioner challenged his convictions for robbery in the first degree after former conviction of two or more felonies, and for conspiracy to commit robbery after former conviction of two or more felonies.[2] In a Report and Recommendation entered June 17, 1998, United States Magistrate Judge Bana

---

[1]For ease of reference, this pleading will generally be referred to as a "petition."

[2]Petitioner was sentenced to life imprisonment on the first degree robbery conviction, and to a thirty-year term of imprisonment for the conspiracy conviction.

Roberts recommended that the petition be dismissed on grounds that it was not timely filed under 28 U.S.C. § 2244(d).  On August 5, 1998, United States District Judge Ralph Thompson entered an Order adopting Judge Roberts' recommendation and dismissing the petition as untimely.  Petitioner appealed the decision, and on February 12, 1999, the Tenth Circuit Court of Appeals entered an Order and Judgment affirming  dismissal of the petition.  Taylor v. Hargett, No. 98-6335, 1999 WL 68431 (10th Cir. Feb. 12, 1999).[3]

Petitioner then filed a second petition, this time challenging only his conviction for first degree robbery after former conviction of two or more felonies.  Taylor v. Hines, No. CIV-02-588-L. In a Report and Recommendation entered on May 21, 2002, United States Magistrate Judge Gary M. Purcell found the petition to be second and successive, and recommended that it be transferred to the Tenth Circuit Court of Appeals so that Petitioner could seek authorization to file under 28 U.S.C. § 2244(b)(3)(A). That recommendation was adopted by Judge Leonard, and after transfer, the Tenth Circuit denied authorization. Taylor v. Hines, No. 02-6186 (10th Cir. July 31, 2002).

On November 8, 2002, Petitioner filed his third petition for a writ of habeas corpus, challenging only his conviction for robbery in the first degree after former conviction of two or more felonies. The undersigned found the petition to be second or successive, and recommended that the case be transferred to the Tenth Circuit so that Petitioner could obtain the necessary authorization.  Taylor v. Hines, Case No. CIV-02-1583-L (W.D. Okla. Dec. 26, 2002).  Judge Leonard adopted that recommendation, and the Tenth Circuit denied

---

[3]This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

authorization to file a successive petition.  Taylor v. Hines, No. 03-6036 (10th Cir. Mar. 31, 2003).

Petitioner filed a fourth petition for habeas corpus relief on July 3, 2003, challenging both of his convictions in CRF-87-4763.  Taylor v. Hines, No. CIV-03-908-L.  On July 29, 2003, Judge Purcell found the petition to be successive, and again recommended that it be transferred to the Tenth Circuit so that Petitioner could obtain the appropriate authorization. Taylor v. Hines, No. CIV-03-908-L (W.D. Okla. July 29, 2003). Judge Leonard adopted that recommendation, and the Tenth Circuit again denied authorization.  Taylor v. Hines, No. 03-6242 (10th Cir. Nov. 3, 2003).

## II.  THE NATURE OF THE CURRENT ACTION

In light of the above filing history, it is not surprising that Petitioner emphasizes in his petition that this action is not one attacking his convictions. He states, "This instrument/request by petitioner Lincoln E. Taylor, is not a request for Post Conviction, and should **not** be considered nor treated as such." Petition, p. 1. In his petition, he recites facts indicating that a co-defendant who pleaded guilty to the "same violations" received two, consecutive thirty-year terms, and that the district attorney refused to offer the same terms to Petitioner. Petition, p. 2-3. He also states that another co-defendant pleaded guilty to identical violations and received two, consecutive five-year terms.  Id.  He claims that he was "by inadvertence, improperly charged and convicted for the violation(s) of 'Conspiracy to Commit First Degree Robbery' and 'Robbery in the First Degree' instead of the appropriate violation(s) of 'accessory to said crimes' after the fact." Petition, p. 4.  He claims this might have been due to a miscommunication, and that this Court has "inherent power" to correct records. Petition, p. 4.  As relief, Petitioner asks this Court to amend his Judgment

3

and Sentence to change the term of imprisonment on his conviction for first degree robbery from life in prison to thirty years imprisonment.  Petition, p. 4.  He also asks this Court to order the District Court of Oklahoma County to "Respond/Answer petitioner's legal pleadings, to wit; Request for Writ of Certiorari, filed on May 10, 2004." Petition, p. 5. He has included a copy of this state court pleading, with its attachments, as an exhibit to his petition herein.

Because Petitioner is proceeding in forma pauperis and has named state official(s) as respondents, the Court must screen the petition for mandamus to determine if it fails to state a claim on which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) ("we conclude that petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915"). That screening reveals that Petitioner has failed to state a claim for federal relief.

## III.  UNAVAILABILITY OF MANDAMUS AS A REMEDY

Mandamus is unavailable in this case for two reasons.  First, mandamus is unavailable against Mr. Hines because he is not a federal official.[4]  Federal law provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a

---

[4]Petitioner has only named Reginald Hines as a respondent in this action, adding the "et al." designation without further elaboration. Such designation does not serve as an identification because when this designation appears in the initial pleading, it is a nullity. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (phrase "et al." short for "et alia," which means "and others,"but without additional information, "et al." is ambiguous); Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994) (prohibiting plaintiffs from proceeding against defendants not identified in the complaint containing "et al." phrase); Sawyer v. Musumeci, Nos. 96CIV6497; 96CIV6689, 1997 WL 381798, at *1 n. 1 ( S.D. N.Y. July 9, 1997) (treating the "et al." designation in complaint as nullity), aff'd, 165 F.3d 14 (2d Cir. Oct. 21, 1998); OTR Drivers at Topeka Frito-lay, Inc.'s Distribution Center v. Frito-Lay, Inc., 988 F.2d 1059, 1061 (10th Cir. 1993) (appellate context).

duty owed to the plaintiff."   28 U.S.C. § 1361. Therefore, for issuance of a writ of mandamus, the respondent must be a federal employee, officer, or agency. AMISUB (PSL), INC. v. Colorado, 879 F.2d 789, 790 n.2 (10th Cir. 1989); Harris v. Department of Corrections, 426 F. Supp. 350, 352 (W. D. Okla. 1977). Because Mr. Hines is an officer of the State of Oklahoma, rather than of the federal government, a writ of mandamus may not issue from this Court to compel him to perform a duty owed to Petitioner.

Second, even with a proper respondent, mandamus is unavailable as a remedy for the alleged errors in the state court proceedings. See Harris, 426 F. Supp. at 351 (ordering dismissal of a mandamus petition in part because "the federal district courts do not sit to review on appeal action taken judicially in state proceedings" (citations omitted)). Petitioner has not alleged any duty owed to him by a federal official, and in order to consider Petitioner's requests, this Court would have to engage in what is tantamount to unauthorized appellate review of his state criminal case.  Furthermore, in order to grant the relief Petitioner requests, this Court would have to direct state officials in the performance of their official duties – something the Court lacks jurisdiction to do. See Brownfield v. Stovall, No. 03-3099, 2003 WL 23033727, at *2 (10th Cir. Dec. 30, 2003) (affirming lower court's dismissal of request for mandamus because court possessed no jurisdiction to order Kansas officials to release plaintiff to Oklahoma authorities); Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992) (no authority to issue a writ of mandamus to a state judge); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (federal courts have no authority to issue writ of mandamus to direct state courts or judicial officers in performance of duties); Nelson v. Tulsa County 14th Judicial Dist., No. 97-5078, 1997 WL

572827, at *1 (10th Cir. Sept. 16, 1997) (affirming district court's denial of petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 on the grounds that federal courts have no jurisdiction under § 1361 to compel action by state officials); <u>Cauthon v. Simmons</u>, No. 95-3022, 1996 WL 3919, at *1 (10th Cir. Jan. 4, 1996) (same). **IV.  CONVERSION TO A HABEAS PETITION**

Liberally construed, the petition herein might be viewed as a petition for a writ of habeas corpus, but Petitioner apparently opposes such a construction. <u>See</u> Petition, p. 1. Moreover, Petitioner surely recognizes by now that a habeas petition attacking his conviction in CRF-87-4763 could not be entertained in this Court without him first obtaining authorization in the Tenth Circuit Court of Appeals, further supporting a conclusion that Petitioner did not intend this action to be treated as one for habeas relief. Accordingly, the Court should decline to recharacterize the petition in a manner that is contrary to Petitioner's intent. <u>Richards v. Bellmon</u>, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991) (rejecting construction of a pro se complaint to include a habeas claim because such treatment would "border[] on advocacy and could interfere with a possible tactical choice by the plaintiff"). In light of the foregoing, it is recommended that the request for mandamus relief be dismissed on filing.

<u>**RECOMMENDATION**</u>

Based on the foregoing reasons, it is recommended that Petitioner's request for mandamus be dismissed on filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 14, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised

that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656(10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is hereby directed to transmit a copy of the petition and the Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

**ENTERED this 25th day of March, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE